# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVAD A

***

| | |
|---|---|
| CHRISTY KAY SWEET,<br><br>                    Plaintiff,<br><br>vs.<br><br>CHRISTOPHER WILLIAM HISGEN,<br><br>                    Defendant. | Case No. 2:22-cv-00013-APG-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1) |

Pro se plaintiff Christy Kay Sweet filed an application to proceed in forma pauperis (IFP). ECF No. 1. I deny Sweet's IFP application without prejudice.

## DISCUSSION

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some

particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. See *e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

Plaintiff Sweet submitted the Short Form IFP application. ECF No. 1. She states that she has no business, profession, or other self-employment income, but she also states that her income is sporadic and that she frequently sells personal possessions for income. *Id.* She states that she has a Prada Bag and an antique "Lady's secretary" to sell, but that these items are unsellable in a Covid economy. *Id.* She states that she has $1,200 in the bank and she does not pay any rent. *Id.* She states that she is living abroad in Thailand right now and sometimes teaches English and tutors students, but that she is not working right now because she has been busy with legal issues. *Id.*

I cannot determine whether the applicant qualifies for IFP status without more information. It

sounds like plaintiff has sporadic income and enough money in the bank to pay the filing fee now, but I will give plaintiff an opportunity to provide more information about her income and explain why she cannot pay. I order that the plaintiff must complete the Long Form application. Since she must complete the Long Form, plaintiff is required to provide comprehensive information regarding her sources of income, employment history, bank accounts, assets, monthly expenses, age, and her years of schooling, among other things.

I deny plaintiff's IFP application without prejudice. I give plaintiff 30 days to file an updated IFP application. Plaintiff may alternatively pay the filing fee in full. Since I deny plaintiff's IFP application, I do not screen her complaint now.

ACCORDINGLY,

I ORDER that Sweet's application to proceed in forma pauperis (ECF No. 1) is DENIED without prejudice.

I FURTHER ORDER that Sweet has until Monday, March 14, 2022, to file an updated IFP application using the Long Form or pay the filing fee as specified in this order. Failure to timely comply with this Order may result in case closure or a recommendation for dismissal with prejudice.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District

Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

    IT IS SO ORDERED.

    DATED this 11th day of February 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE