# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| CHRISTY KAY SWEET,<br><br>             Plaintiff,<br><br>vs.<br><br>CHRISTOPHER WILLIAM HISGEN,<br><br>             Defendant. | Case No. 2:22-cv-00013-APG-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 8); COMPLAINT (ECF NO. 1-1) |

Pro se plaintiff Christy Kay Sweet filed a new application to proceed in forma pauperis (IFP) on the long form and a proposed complaint ECF Nos. 8 and 1-1. I grant Sweet's IFP application. ECF No. 8. I dismiss plaintiff's complaint without prejudice. ECF No. 1-1.

## DISCUSSION

Plaintiff's filings present two questions: (1) whether Sweet may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether Sweet's complaint states a plausible claim for relief.

### I.    Whether Sweet May Proceed In Forma Pauperis

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff states that she has no income, other than her stimulus check and money she made from selling some of her possessions. ECF No. 8 at 2. She alleges that she has $230 in savings. *Id.* at 3. I grant plaintiff's IFP application.

**II.     Whether Sweet's Complaint States a Plausible Claim**

   **a.     Legal Standard**

Because the Court grants Sweet's application to proceed in forma pauperis, it must review Sweet's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; e.g., *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of

citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). *Habacon v. Emerald Grande*, LLC, No. 2:19-cv-00165-MMD-PAL, 2019 U.S. Dist. LEXIS 63163, at 3-4 (D. Nev. Apr. 12, 2019).

"To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "[A] person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely.'" *Id.* at 749-50 (quoting *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940)).

Domicile is determined based on objective factors, no single one of which is controlling, including: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew*, 797 F.2d at 750. Courts are to evaluate domicile based on "objective facts," and "statements of intent are entitled to little weight when in conflict with facts." *Lew*, 797 F.2d at 750. An individual who is a citizen of the United States but has no domicile in any state is considered "stateless" for purposes of diversity jurisdiction. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1989).

"Except in cases involving aliens, each party must be a citizen of the state as well as a citizen of the United States for there to be diversity jurisdiction." 13E Wright & A. Miller, Federal Practice and Procedure § 3602 (2009). "As many federal courts have concluded, a person who is a citizen of the United States but domiciled abroad is not a citizen of any state of the United States, and cannot sue or be sued in a federal court on the basis of diversity jurisdiction." *Id.*, citing to *Brady v. Brown*, 51 F.3d 810 (9th Cir. 1995) (additional citations omitted). Per Fed. R. Evid. 201, a court may take judicial notice of

"matters of public record." *Id.* (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986)).

### b.  Complaint

Plaintiff brings claims for wrongful death and elder abuse because she alleges her elderly mother died because of her stepfather's neglect of her medical needs. ECF No. 1-1 at 3. Plaintiff seeks monetary damages, including for the loss of her inheritance and for the "horror at events and stress of the probate case." *Id.* at 20. Plaintiff cites to the underlying probate case in her complaint: she alleges that the probate court did not consider the fact that her mother was "doped up" and being "manipulated" by her new husband. *Id.* Plaintiff makes various references to the underlying probate case throughout her complaint and IFP applications.

I also take judicial notice of the underlying probate case: the state court considered her will, which named her new husband as her "universal heir" of all her property and the estate. See *In the matter of: Marilyn Weeks, Deceased*, Case No. P-20-103540-E, Nev. Dist. (July, 14, 2021) (Order adopting report and recommendation). Plaintiff appealed this decision, and it is currently pending before the Nevada Supreme Court. See *In re Marilyn Weeks, Case No.* 83342, Nev. S. Ct. (2021).

Plaintiff alleges that the defendant, "is a US citizen and currently a resident of Clark County, Nevada." ECF No. 1-1 at 2. Plaintiff alleges that she "is a US citizen, but registered to vote in The State of Florida, and an expatriate residing in Phuket Province, Thailand." Plaintiff implies that the defendant is a citizen of Nevada, but she does not allege it. She also does not allege that she is a citizen of any state in her complaint, except that she says she votes in Florida. Plaintiff declared under penalty of perjury in her second IFP application that she has lived in Thailand since 2007, she is currently a caretaker of a horse property, "and that this is a long-term situation. (To return to USA [sic] would mean living on the streets.)" ECF No. 5 at 2. I also take notice that she has two bank accounts at Bangkok bank in Thailand.

ECF No. 8 at 2. Plaintiff alleges that she does not own any real property and she owns a scooter for transportation in Thailand. *Id.* at 3.

Even though plaintiff votes in Florida, the *Lew* factors weigh against a showing that diversity jurisdiction exists here. Based on the facts on the public docket, plaintiff is domiciled in Thailand as she has lived there since 2007, states that she intends to live there long term, and declares that she would be homeless if she returned to the U.S. Since U.S. citizens who are domiciled abroad are not a citizen of any state for diversity jurisdiction purposes, plaintiff cannot bring her case in federal court. Although I doubt that plaintiff will be able to show that this Court has jurisdiction over her case, I will give her a chance to amend. If plaintiff is facing issues with the statute of limitations, but she agrees that she has filed in the wrong court, she may be able to rely on tolling if she promptly files her case in state court. I warn plaintiff that she must not have two identical cases pending in both state and federal court: she must either voluntarily dismiss in this Court and file in state court OR she can amend her complaint in this Court if she can show that diversity jurisdiction exists.

If plaintiff can show that this Court has jurisdiction over her case, her state law claims will be screened. Based on a preliminary review of the current complaint and the record, it appears plaintiff may not have standing to pursue some of her claims as alleged.

ACCORDINGLY,

I ORDER that Sweet's application to proceed in forma pauperis (ECF No. 8) is GRANTED.

I FURTHER ORDER that Sweet's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

I FURTHER ORDERED that Sweet has until Friday, April 1, 2022, to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal.

I FURTHER ORDER that if plaintiff files an amended complaint, the Clerk of the Court is directed NOT to issue summons on the amended complaint. I will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 2nd day of March 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

6